# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **1. VERNON LAWRENCE and WINNIE LAWRENCE, individually; and 2. On behalf of all OTHER PUTATIVE PLAINTIFFS, similarly situated,** ) ) ) ) ) | |
| **Plaintiffs,** ) ) ) | |
| **vs.** ) ) | Case No.: CIV-19-395-PRW _____ |
| **1. BOB MOORE AUTO GROUP, L.L.C**, **a Domestic Limited Liability Company; 2. BMAG LUXURY 1, L.L.C., a Domestic Limited Liability Company also known as d/b/a subsidiaries, Bob Moore Land Rover, Bob Moore Maserati and Bob Moore Audi; 3. JOZEF DABROWSKI**, individually and acting in his official capacity as an agent of Bob Moore Auto Group, L.L.C. and BMAG Luxury 1, L.L.C., and all Bob Moore d/b/a subsidiaries, and **4. JEREMY FREEMAN**, individually and acting in his official capacity as an agent of Bob Moore Auto Group, L.L.C. and BMAG Luxury 1, L.L.C., and all Bob Moore d/b/a subsidiaries,; and **5. KENDRICK NEAL**, individually and acting in his official capacity as an agent of Bob Moore Auto Group, L.L.C. and BMAG Luxury 1, L.L.C., and all Bob Moore d/b/a subsidiaries, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants**. ) | |

## COMPLAINT

The Plaintiffs by and through their attorney, LKDLAW, P.C., by Laurence K.

Donahoe, for their causes of action against the Defendants allege and state as follows:

## PARTIES, INTRODUCTORY STATEMENTS
## AND CLASS ALLEGATIONS

1.      The Plaintiffs, Vernon Lawrence and Winnie Lawrence **("Plaintiffs")** are individuals residing in Midwest City, Oklahoma 73110 in the jurisdiction of Western District of Oklahoma.

2.      Putative Plaintiff Class Members are all other persons similarly situated, to be further identified after discovery.

3.      The Defendant, **Bob Moore Auto Group L.L.C.,** conducts business in the State of Oklahoma and can be served via Service Agent: Curtis L. Hays at 700 N.W. 5th Street, Oklahoma City, OK 73102.

4.      The Defendant, **BMAG Luxury 1, L.L.C., and** d/b/a subsidiaries, **Bob Moore Land Rover**, **Bob Moore Maserati** and **Bob Moore Audi** conducts business in Oklahoma County, State of Oklahoma, through the U.S. Mail and engages in interstate commerce and can be served via Service Agent: Curtis L. Hays at 700 N.W. 5th Street, Oklahoma City, OK 73102.

5.      The Defendant, **Jozef Dabrowski**, is an agent, servant or employee of the **Bob Moore Defendant L.L.C.,** and one or more of the **Bob Moore d/b/a subsidiaries**.

6.      The Defendant, **Jeremy Freeman**, is an agent, servant or employee of the **Bob Moore Defendant L.L.C.,** and one or more of the **Bob Moore d/b/a subsidiaries**.

7.      The Defendant, **Kendrick Neal**, is an agent, servant or employee of one or more of the Bob Moore Defendant L.L.C., and/or one or more of the **Bob Moore d/b/a subsidiaries**.

8.      This Complaint and Plaintiffs' causes of action arise out of a series of transactions between the Plaintiffs and the each of the named defendants, collectively known as **("Defendants")**.

## JURISDICTION

9.      This Court has subject matter jurisdiction over this controversy and the parties by virtue of Federal Questions under the provisions of the U.S. Department of Transportation, as Administered by the NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION found in 49 U.S. Code, Chapter 327, ODOMETERS § 32705. Disclosure requirements on transfer of motor vehicles.  The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U. S. Code § 1367, in that claims are interrelated and arise out of the same case and occurrences arising under the Oklahoma CONSUMER PROTECTION ACT, 15 O.S. § 751 et seq., and under the Oklahoma Constitution, Oklahoma Statutes, common law, the United States Constitution and federal law.

## VENUE

10.     Venue is proper before this Court for the reasons that the Plaintiffs reside within the Corporate City Limits of Midwest City, in the County of Oklahoma, State of Oklahoma and the Defendants conduct business in Oklahoma County, State of Oklahoma which are located within the counties encompassed by the United States Court for the Western District of Oklahoma.

## PLAINTIFFS' FACTUAL ALLEGATIONS

11.     On December 8, 2018, Plaintiffs met with Bob Moore salesman, Ahmad Ashour, and completed a WORK SHEET for a trade in of a 2010 Dodge Journey SUV and to purchase a used automobile, a White 2012 Cadillac MODEL SRX PERFORMANCE COLLECTION, Vin # 3GYFNBE38CS518858 from the Dealerships and entered into a **"sales agreement"** with the **Bob Moore Maserati Group.**

12.     On December 8, 2018, the Plaintiffs purchased from ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and paid for the automobile insurance (policy No. 815500974 on the subject vehicle, White 2012 Cadillac MODEL SRX).

13.     On December 8, 2018, Plaintiffs took possession of the vehicle, White 2012 Cadillac MODEL SRX PERFORMANCE COLLECTION, Vin#3GYFNBE38CS518858.

14.     The first Purchase Agreement was prepared by someone named, Shane. This agreement provided for GAP Insurance and for an Extended Warranty of 42,000 miles.

15.     Plaintiffs waited 4 to 5 weeks for the Title, which never arrived by mail.

16.     Plaintiff, Winnie Lawrence, contacted Jozef Dabrowski, Finance Manager at Bob Moore Maserati, who explained that "the paperwork was sent back because the dates on the paperwork did not match."  The Finance Manager then asked the Plaintiffs to come back and sign new paperwork and Plaintiff did so at which time the Bob Moore Finance Manager, Jozef Dabrowski, shredded all of the Plaintiffs' original documents.  It is upon information and belief that the new contract is the document(s) now dated

December 31, 2018.

17.     Jozef Dabrowski had the Plaintiff entered into a RETAIL PURCHASE

AGREEMENT dated December 31, 2018, wherein the **Defendants** stated the Odometer

reading of 80,042 miles.

18.     Plaintiffs then entered into yet another RETAIL INSTALLMENT SALES

CONTRACT, prepared by Shane (last name unknown) dated January 23, 2019, wherein

the **Defendants** stated the Odometer reading of 80,042 miles.

19.     On January 23, 2019, the Plaintiffs also purchased a CLASSIC USED

VEHICLE SERVICE CONTRACT with the GOLD Coverage Option wherein the

**Defendants** stated the Odometer reading of 80,042 miles.   The original warranty package

was priced at $2,900 for 42,000 miles.  The original cost of the Gap insurance was

$390.00.  (the **"Agreements"**).

20.     In all of the Agreements the odometer milage was stated as 80,042 miles.

21.     BMAG Luxury 1, L.L.C., furnished an ODOMETER DISCLOSURE

STATEMENT dated December 31, 2018 for the 2012 Cadillac SRX,

Vin # 3GYFNBE38CS518858 and stated that the odometer now reads 80,042.

22.     Financing for the purchase of the vehicle was provided by

COMMUNICATION FEDERAL CREDIT UNION referencing a date of contract on

12/31/2018.

23.     Defendants would not give the Plaintiffs a Title for the vehicle so that they

could register the vehicle in their names and obtain their title and purchase the required

Oklahoma Automobile Tag upon the expiration of the temporary tag.

24.     In mid February, 2019, the Defendants gave the Plaintiffs a another temporary paper tag and a Title at which time Plaintiffs' took the title to the tag agency and paid for a title and tag.  The next day, the tag agency called the Plaintiffs and related to the Plaintiffs that the contract paperwork, odometer statement and title Plaintiffs left at the tag agency were invalid because the paperwork and milage did not match what the tag agency had in their Oklahoma Tax Commission computer system and therefore the tag agency could not issue a title or tag.

25.     Thereafter in March 2019, the Defendants insisted that the Plaintiffs return to Bob Moore and sign new paperwork again.  However, the new warranty package paperwork mis-stated the number of miles under the warrant package as 30,000 miles instead of the original 42,000 miles of coverage and the cost for the Gap insurance was changed from $390.00 to $495.00.  The Defendants then tried to give the Plaintiffs another Odometer Statement back dated to December 31, 2018 but with an incomplete VIN #.

26.     In approximately the middle of March, 2019 Defendants again insisted that the Plaintiffs come back and sign new paperwork.

27.     By now **Bob Moore Maserati** is no longer in business.  Plaintiff, Winnie Lawrence, yet again contacted **Boob Moore Defendants** and was instructed to now go to **Bob Moore Audi** where upon recognizing a familiar face formerly at Bob Moore Maserati, Plaintiff explained the litany of problems and issues with the contracts,

inaccuracies on milage and the problems with the changes in terms and amounts being charged for the GAP insurance and Extended Warranty.  This **Bob Moore employee** person, believed to be one and the same as Defendant, Jeremy Freeman, wanted the Plaintiffs to sign, yet again, new paperwork and contract documents.  The Plaintiffs were reluctant to do so, and did not comply.

28.    On March 28, 2019, the Plaintiffs needed to travel out of state but were afraid to drive their car with no title or tag for which they were making payments to the Communication Federal Credit Union.  Plaintiffs rented a car from the Hertz Corporation for an expenditure of $361.00.

29.    On April 3, 2019, at 16:44 hours at 800 S. Broadway in Edmond, Oklahoma, Plaintiffs were stopped by the Edmond Police for driving with an expired tag.

30.    On April 9, 2019, a CARFAX Vehicle History Report was purchased on the 2012 CADILLAC SRX PERFORMANCE COLLECT VIN: 3GYFNBE38CS518858.

    a.    The CARFAX history reveals that on November 26, 2018, the vehicle was taken into inventory and offered for sale.

    b.    On November 29, 2018, a Bob Moore Land Rover service record indicates milage of 84,034.

    c.    On December 14, 2018, Bob Moore Land Rover took Title to the vehicle, Title No. 810006156944.

    d.    On January 29, 2019, ownership of the vehicle was listed as BOB MOORE LAND ROVER, P.O. Box 1091, Oklahoma city OK 73101-091and a LIEN ENTERED upon the title by Motor License Agent 8832.

31.     From the April 9, 2019, CarFax Report and the vehicle history contained

thereon, one may conclude that the **Bob Moore Defendants** could have known and

should have known the true and correct odometer milage on the vehicle so as to not

mislead and defraud the Plaintiffs not only as to the actual milage but as the inaccuracies

also impacted the costs of the GAP insurance and Extended Warranty coverage.

32.     On April 9, 2019, four months after submitting the application for financing

and subsequently entering into multiple agreements with the Defendants, Plaintiffs finally

received a text message from Defendant, Jeremy Freeman, that the title and odometer

statement was being sent to the Plaintiffs by UPS NEXT DAY AIR SAVER.  The rest of

the text stated:

**"This is the tracking number of your title being sent out today you will**

**receive tomorrow with the corrected odometer statement, and miles. I am reviewing**

**what Neal just gave me to see what we can do to help for this being such a disaster**

**for you that was our fault."**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFFS' CAUSES OF ACTION
## AND THEORIES OF RECOVERY

33.     Plaintiffs do not bring this action based upon contract or relationship but for

the connection of the written documents evidencing and therefore the Arbitration

provisions are not applicable.

34.     Plaintiffs' asserted jurisdiction and 1st cause of action is based upon a

Federal Question and the Defendants violation of Federal Law.

35.     Plaintiffs' supplemental State Pendent causes of action are based upon the

Defendants intentional violations of the Oklahoma Consumer Protection Act and other

State statutory and common law claims and remedies for negligence, fraud, punitive

damages and emotional distress.

## FIRST CAUSE OF ACTION
## VIOLATION OF DISCLOSURE REQUIREMENTS
## ON TRANSFER OF MOTOR VEHICLE
## 49 U. S. Code § 32705 and § 32710.

36.     § 32705 (a) states:

> **"(1) DISCLOSURE REQUIREMENTS.—**Under
> regulations prescribed by the Secretary of Transportation that
> include the way in which information is disclosed and
> retained under this section, a person transferring ownership of
> a motor vehicle shall give the transferee the following written
> disclosure:
>
> > **(A)** Disclosure of the cumulative mileage
> > registered on the odometer.
>
> **(2)** A person transferring ownership of a motor vehicle may
> not violate a regulation prescribed under this section or give a
> false statement to the transferee in making the disclosure
> required by such a regulation."

37.      Upon information and belief Dealers and Defendants use the USPS mail in

their business and engage in interstate commerce.

38.     The Defendants misrepresented the actual odometer milage and VIN on the

subject vehicle on multiple documents and contracts.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT
## TITLE 15 O.S. § 752 and § 753

39.     15 O.S. 752 (2) ""**Consumer transaction**" means the advertising, offering

for sale or purchase, sale, purchase, or distribution of any services or any property,

tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing

of value wherever located, for purposes that are personal, household, or business

oriented;"

40.     15 O.S. 752 (7) ""**Merchandise**" includes any object, ware, good,

commodity, intangible, real estate, or service";

41.     15 O.S. 752 (13) ""**Deceptive trade practice**" means a misrepresentation,

omission or other practice that has deceived or could reasonably be expected to deceive or

mislead a person to the detriment of that person. Such a practice may occur before, during

or after a consumer transaction is entered into and may be written or oral";

42.     15 O.S. 752 (14) ""**Unfair trade practice**" means any practice which

offends established public policy or if the practice is immoral, unethical, oppressive,

unscrupulous or substantially injurious to consumers."

43.     The Defendants drafted multiple contracts and agreements and then later

changed the terms of the agreements without the consent of the Plaintiffs or proper

disclosure to the Plaintiffs.  The contracts for the sale of a motor vehicle and for

additional services under which this controversy has arisen constitute a consumer

transaction.   The actions of the Defendants were deceptive.  Defendants knew or should

have known the correct odometer milage.

44.    Defendant, Jeremy Freeman, even by text admitted that the conduct of the

Defendants was *"a disaster for you that was our fault"*.

### THIRD CAUSE OF ACTION
### GROSS  NEGLIGENCE, FRAUD, CONSPIRACY TO COMMIT FRAUD, DECEIT, MISREPRESENTATION AND PUNITIVE DAMAGES

45.    The Defendants on multiple occasions failed to accurately disclose the true

odometer milage on the subject vehicle.  The failure to disclose the true and accurate

odometer milage was fraudulent, intentional and is a material misrepresentation.  Given

the number of instances when the proper odometer milage was not disclosed, it can be

inferred if not concluded that the misrepresentation of the correct odometer milage, the

actions of the Defendants were intentional by the Defendants conspiring together and

meant to deceive the Plaintiffs.  Multiple persons of the Defendants participated in the

misrepresentations and then took steps to conceal the fraud by back dating Odometer

Disclosure Statements.  The acts of the Defendants are so egregious and in such total

disregard for the rights of the Plaintiffs, all Defendants should be punished by exemplary

and punitive damages to deter such outrageous conduct and business practices in the

future for all other possible Putative Plaintiffs.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.    The actions of the Defendants were deliberate, intentional and repetitive

and were undertaken with a complete disregard for the rights and feelings of the

Plaintiffs.

47.     The Defendants multiple attempts to back date documents and coercion of the Plaintiffs to force Plaintiffs to return to the Dealership to sign yet additional documents in an attempt to absolve the Defendants of their negligence, poor training and defective and deceptive business practices caused severe emotional distress to the Plaintiffs.  Furthermore, the Defendants have admitted as much by the text message of April 9, 2019, when it was stated that **"being such a disaster that was our fault."**

48.     The Plaintiffs have suffered extreme anxiety, frustration and exasperation, humiliation and financial pain and suffering for which they should be compensated.

### DAMAGES

49.     Plaintiffs have incurred the following actual damages:

a.     The difference in the market value of the subject automobile with 80,000 miles on the odometer as compared to a vehicle with actual milage of 84,200 in the estimated sum of:. . . . . .  $400.00

b.     Cost of rental car: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $361.00

c.     Penalties imposed by the Oklahoma Tax Commission:

     i.     Late tag:. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $42.00
     ii.    Late registration and title: . . . . . . . . . . . . . . . . . . . . . .  $63.94

d.     Difference in cost of Gap insurance: . . . . . . . . . . . . . . . . . . .  $105.00

e.     Fewer miles included in warranty package, 30,000 miles rather than 42,000 miles for the same cost of $2,900.00 or a 71% change in value or 29% of the cost resulting in a difference of: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $841.00

Sub-total of actual damages: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$1,812.94**

50.     49 U. S. Code § 32710. **Civil actions by private persons.**

      a.     "Violation and amount of damages.--A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater."

      b.     "Civil actions.--A person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction. The action must be brought not later than 2 years after the claim accrues. The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."

      c.     Three (3) times actual damages calculates to be an estimated amount of $5,438.82 or $10,000.00 for each occurrence.

51.     15 O.S. 761.1 - Liability under the Consumer Protection Act states:

"A. The commission of any act or practice declared to be a violation of the Consumer Protection Act shall render the violator liable to the aggrieved consumer for the payment of actual damages sustained by the customer and costs of litigation including reasonable attorney's fees, and **the aggrieved consumer shall have a private right of action** for damages, including but not limited to, costs and attorney's fees."

52.     The amount of damages connected with Plaintiffs' additional pendent state claims are to be ultimately determined by a jury at the time of trial.  Defendants have failed to mitigate any of their damages to the Plaintiffs.

53.     The amount of damages connected with Putative Plaintiffs' damages are to be ultimately determined by a jury at the time of trial.

## REQUESTED RELIEF

54.     Plaintiffs under 49  U. S. Code § 32710 request an award of three (3)

times actual damages or $10,000 whichever is greater, plus costs and attorney's fee;

55.     Plaintiffs under 15 O.S. 761.1 request an award on actual damages plus costs and attorney's fee;

56.     Plaintiffs request all allowable damages on all other pendent state causes of action;

57.     For an award of Punitive Damages;

58.     For an award of all Plaintiffs' costs and a reasonable attorney's fee;

59.     For an award of all damages on all claims for all Putative Plaintiffs plus costs and  a reasonable attorney's fee; and

60.     For all other relief to which they may be entitled.

WHEREFORE, Plaintiffs pray that this Court grant the Plaintiffs judgments on all of Plaintiffs' claims for relief.

## DEMAND FOR JURY TRIAL

61.     Plaintiffs hereby makes demand for a trial by jury.

Dated this 30th day of April, 2019.

Respectfully Submitted,

/s/ Laurence K.  Donahoe
_____
Laurence K.  Donahoe, OBA # 2414
LKDLAW, P.C.
P.O. Box 31375
Edmond OK   73003-0023
Phone:     (405) 282-1225
Facsimile: (405) 282-1298
Email: LkdLaw@me.com
ATTORNEY FOR PLAINTIFFS