# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VERNON LAWRENCE;<br>VERNON LAWRENCE, on behalf of<br>of all other putative plaintiffs similarly<br>situated; and WINNIE LAWRENCE,<br><br>   Plaintiffs,<br><br>v.<br><br>BOB MOORE AUTO GROUP LLC,<br>a Domestic Limited Liability Company,<br>et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV-19-395-PRW |

## ORDER

All Defendants have filed a Motion to Stay and Compel Arbitration (Dkt. 7), arguing that Plaintiffs agreed to arbitrate their claims and should thus be ordered to arbitration in lieu of litigation. The lawsuit arises out of Plaintiffs' purchase of a vehicle from Defendant BMAG Luxury 1, L.L.C. Plaintiffs bring a variety of state and federal law claims relating to BMAG's alleged misstatement of the vehicle's mileage at the time of purchase.

Defendants claim that when Plaintiffs bought the vehicle they signed an Agreement to Arbitrate any dispute between them regarding the purchase of the vehicle, including any "alleged promises, representations and/or warranties made to or relied upon by the Parties, and any alleged unfair, deceptive, or unconscionable acts or practices."[1] In Defendants' view, this agreement encompasses this dispute, so Plaintiffs should be ordered to arbitrate.

---

[1] Mot. to Stay & Compel Arbitration (Dkt. 7) at 4.

1

Plaintiffs disagree. They argue that because they do not bring a claim for breach of contract, the arbitration agreement does not apply.[2] Moreover says Plaintiffs, the Agreement to Arbitrate is with BMAG Luxury 1, L.L.C., while the letterhead on the Retail Purchase Agreement to which it is attached merely says "Bob Moore Auto Group," which (apparently) means the Agreement to Arbitrate is ineffective.[3] As for the arbitration provision in the Retail Installment Sales Contract, says Plaintiffs, no representative of Defendants ever physically signed the contract, and the digital document time stamp at the bottom right corner of the contract differs from the date the contract was executed, which "is an example of fraud in this case."[4] Lastly, Plaintiffs seemingly believe that the Agreement to Arbitrate's provision stating that "[e]ither you or we may choose to have any dispute between us decided by arbitration" gives them the right to choose to *not* have arbitration.[5]

As the parties seeking to compel arbitration, Defendants bear the burden of establishing that a binding arbitration agreement exists and covers this dispute.[6] Defendants have proffered an executed arbitration agreement between BMAG Luxury 1, LLC and Plaintiffs.[7] Defendants have also proffered a "Retail Installment Sale Contract" between

---

[2] Resp. to Defs.' Mot. to Stay & Compel Arbitration (Dkt. 9) at 4.

[3] *Id*. at 3.

[4] *Id*.

[5] *Id*. at 5.

[6] *See Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1304 (10th Cir. 2017).

[7] Agreement to Arbitrate (Dkt. 7-2); Agreement to Arbitrate (Dkt. 7-3).

BMAG Luxury 1, LLC and Plaintiffs, which also contains an arbitration provision.[8] This contract is signed by Plaintiffs, and the signature line for the seller says "BMAG Luxury 1, LLC," but contains no handwritten signature. In Plaintiffs' view, this lack of a handwritten signature by a representative for BMAG Luxury renders this second arbitration agreement ineffective. But even assuming that the lack of a handwritten signature when there is a typewritten signature constitutes lack of mutuality, Plaintiffs executed the agreement, and it is they that Defendants seek to bind to the agreement. Because they are the party sought to be bound, and they undisputedly executed the agreement, the arbitration provision in the Retail Installment Sales Contract is binding on Plaintiffs.

As for Plaintiffs' claim that the "Retail Installment Sales Contract" is "fraudulent" because the timestamp at the bottom right of the document notes a date of "1/23/2019" while the contract was signed on 12/31/2018, this is one of several arguments made by Plaintiffs that border on frivolous.[9] The fact that a digital time stamp accompanying a document name shows a different date than the date the document is signed tells us nothing about the validity of the contract.

---

[8] Retail Installment Sale Contract (Dkt. 7-4).

[9] *See* Fed. R. Civ. P. 11 ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]").

Plaintiffs' argument that the Agreement to Arbitrate's provision stating that "[e]ither you or we may choose to have any dispute between us decided by arbitration" gives them the right to choose to *not* have arbitration fairs no better. Such a reading of this provision renders the agreement to arbitrate illusory. If either party can opt to *not* arbitrate, there is no agreement *to* arbitrate. The provision plainly allows either party to trigger arbitration, but does not provide the non-triggering party with the right to avoid arbitration.

Accordingly, both arbitration agreements proffered by Defendants were executed by Plaintiffs and are binding on them. The only question is whether the terms of the agreements cover this dispute. The agreement to arbitrate covers any dispute between the parties regarding the purchase of the vehicle, including any "alleged promises, representations and/or warranties made to or relied upon by the Parties, and any alleged unfair, deceptive, or unconscionable acts or practices."[10] Nothing in the agreements limits their scope to only contractual disputes. Rather, the agreements use sweeping language that fairly encompasses this dispute.

For these reasons, the Motion to Stay and Compel Arbitration (Dkt. 7) is **GRANTED**. This case is stayed, and the parties are ordered to arbitration to be conducted in accordance with the terms of their arbitration agreement.

---

[10] Agreement to Arbitrate (Dkt. 7-2).

**IT IS SO ORDERED** this 23rd day of March, 2020.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE